| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>**Julian Bach**    BAR ID: 162421<br>Law Office of Julian Bach<br>17011 Beach Blvd., Suite 300<br>Huntington Beach, CA 92647<br>**Telephone # 714-848-5085**    Fax # 714-848-5086<br>E-Mail: Julian@jbachlaw.com<br><br><br>☒ *Attorney for Movant(s)*<br>☐ *Movant(s) appearing without attorney* | FOR COURT USE ONLY |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA – SANTA ANA DIVISION** |
| In re:<br><br>THOMAS MICHAEL HEWKO | CASE NO.: 8:11-bk-19051-ES |
| | CHAPTER: 13 |
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (WITH SUPPORTING DECLARATIONS) REGARDING REAL PROPERTY** |
| | DATE: September 20, 2011<br>TIME: 9:30 a.m.<br>COURTROOM: 5A<br>PLACE: U.S. Bankruptcy Court<br>     411 West Fourth Street<br>     Santa Ana, CA |

**MOVANT:** Christopher N. Brennan, Trustee of the 2008 Christopher Brennan Separate Property Trust, UTD November 19, 2008; First Regional Bank, Custodian FBO Paul G Servo IRA A/C 69007818326; Rob R Knowles & Kristi L Ramirez Knowles, Trustees of the 2004 Knowles Family Trust UTD May 6, 2004; Peter Columbus and Lisa R Columbus; First Regional Bank CFBO Kevin Clare IRA; FIRST REGIONAL BANK, cust FBO JAMES M POYLE, IRA A/C #055901; First Regional Bank cust FBO James M Poyle IRA #055878; CHRISTOPHER BOLLINGER, A MMSS.; JAMES M KELLER; THE CESARE FAMILY TRUST DATED 11/15/2003 C/O TRUSTEES KIMBERLY CESARE AND JOSEPH CESARE JR; RANJIT M KRIPALANI, Trustee of The Kripalani Family Trust Dated July 14, 2000

**Movant is the (check one)**
☐ Holder of Deed of Trust
☒ Assignee of Holder of Deed of Trust
☐ Servicing Agent for Holder of Deed of Trust or Assignee of Holder of Deed of Trust

1. NOTICE IS HEREBY GIVEN to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the above date and time and in the stated courtroom, Movant in the above-captioned matter will move this court for an Order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2011                                                                 Page 1                                                            F 4001-1.MOTION.RP

2. Hearing Location: ☐ 255 East Temple Street, Los Angeles ☒ 411 West Fourth Street, Santa Ana
☐ 21041 Burbank Boulevard, Woodland Hills ☐ 1415 State Street, Santa Barbara
☐ 3420 Twelfth Street, Riverside

a. ☒ This Motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1. If you wish to oppose this Motion, you must file a written response to this Motion with the court and serve a copy of it upon the Movant's attorney (or upon Movant, if the Motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the above hearing and appear at the hearing of this Motion.

b. ☐ This Motion is being heard on SHORTENED NOTICE. If you wish to oppose this Motion, you must appear at the hearing. Any written response or evidence may be filed and served:

:    ☐ at the hearing :    ☐ at least _____ court days before the hearing.

(1) ☐ A Motion for Order Shortening Time was not required (according to the calendaring procedures of the assigned judge).

(2) ☐ A Motion for Order Shortening Time was filed per LBR 9075-1(b) and was granted by the court and such motion and order have been or are being served upon the Debtor and trustee, if any.

(3) ☐ A Motion for Order Shortening Time has been filed and is pending. Once the court has ruled on that Motion, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached Motion and the deadline for filing and serving a written opposition to the Motion, if any.

4. You may contact the clerk's office to obtain a copy of an approved court form for use in preparing your response (*Optional Court Form F 4001-1M.RES*), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

5. If you fail to file a written response to the Motion or fail to appear at the hearing, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.

Date: __8/25/2011__    Respectfully submitted,

CHRISTOPHER N. BRENNAN, Trustee et al
Movant name

LAW OFFICE OF JULIAN BACH
Printed name of law firm (*if applicable*)

/s/ JULIAN BACH
Signature of individual Movant or attorney for Movant

JULIAN BACH
Printed name of individual Movant or attorney for Movant

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

1. **The Property at Issue**: Movant moves for relief from the automatic stay with respect to following real property (the Property):

    *Street Address:*         758 Shalimar Dr
    *Unit/suite no.:*
    *City, state, zip code:*  Costa Mesa, CA 92647-4235

    Legal description or document recording number (including county of recording):

    ☒ See attached page.

2. **Case History:**

    a. ☒ A voluntary  ☐ An involuntary  petition under chapter  ☐ 7  ☐ 11  ☐ 12  ☒ 13
       was filed on (specify date): June 27, 2011

    b. ☐ An Order of Conversion to chapter ☐ 7  ☐ 11  ☐ 12  ☐ 13
       was filed on (specify date):

    c. ☐ Plan was confirmed on (specify date):

    d. ☐ Other bankruptcy cases affecting this Property have been pending within the past two years. See attached declaration.

3. **Grounds for Relief from Stay:**

    a. ☒ Pursuant to 11 U.S.C. §362(d)(1), cause exists to grant Movant the requested relief from stay as follows:

        (1) ☐ Movant's interest in the Property is not adequately protected.

            (a) ☐ Movant's interest in the collateral is not protected by an adequate equity cushion.

            (b) ☐ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against the decline.

            (c) ☐ No proof of insurance re Movant's collateral has been provided to Movant, despite borrower(s)'s obligation to insure the collateral under the terms of Movant's contract with Debtor.

            (d) ☐ Payments have not been made as required by an Adequate Protection Order previously granted to Movant.

        (2) ☐ The bankruptcy case was filed in bad faith to delay, hinder, and defraud Movant.

            (a) ☐ Movant is the only creditor or one of very few creditors listed on the Debtor's master mailing matrix.

            (b) ☐ Non-individual entity was created just prior to bankruptcy filing for the sole purpose of filing bankruptcy.

            (c) ☐ The Debtor filed what is commonly referred to as a "face sheet" filing of only a few pages consisting of the petition and a few other documents. No other Schedules or Statement of Financial Affairs (or chapter 13 Plan, if appropriate) have been filed.

            (d) ☐ Other (*see attached continuation page*).

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2011                                Page 3                                F 4001-1.MOTION.RP

(3) ☒ *(Chapter 12 or 13 cases only)*

    (a) ☐ Postconfirmation plan payments have not been made to the standing trustee.

    (b) ☒ Postpetition payments due on the note secured by a deed of trust on the Property have not been made to Movant.

(4) ☒ For other cause for relief from stay, see attached continuation page.

b. ☐ Pursuant to 11 U.S.C. §362(d)(2)(A), Debtor has/have no equity in the Property; and pursuant to §362(d)(2)(B), the Property is not necessary to an effective reorganization.

c. ☐ Pursuant to 11 U.S.C. §362(d)(3), Debtor has/have failed with the later of 90 days after the order for relief or 30 days after the court determined that the Property qualifies as single asset real estate to file a reasonable plan of reorganization or to commence monthly payments.

d. ☐ Pursuant to 11 U.S.C. §362(d)(4), Debtor's filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved:

    (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval; or

    (2) ☐ Multiple bankruptcy filings affecting the Property.

4. ☐ Movant also seeks annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached declaration(s).

5. **Evidence in Support of Motion:** *(Important Note: Declaration(s) in support of the Motion MUST be attached hereto.)*

    a. ☒ Movant submits the attached declaration(s) on the court's approved forms (*if applicable*) to provide evidence in support of this Motion pursuant to the LBR

    b. ☐ Other declaration(s) are also attached in support of this Motion.

    c. ☐ Movant requests that the court consider as admissions the statements made by Debtor under penalty of perjury concerning Movant's claims and the Property set forth in Debtor's schedules. Authenticated copies of the relevant portions of the schedules are attached as Exhibit ____.

    d. ☐ Other evidence (specify):

6. ☐ An optional Memorandum of Points and Authorities is attached to this Motion.

**WHEREFORE, Movant prays that the court issue an Order terminating or modifying the stay and granting the following** *(specify forms of relief requested)*:

1. Relief from the stay allowing Movant (and any successors or assigns) to proceed under applicable nonbankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2. **Movant, or its agents, may, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement. Movant, through its servicing agent, may contact the Debtor via telephone or written correspondence to offer such an agreement. Any such agreement shall be nonrecourse unless stated in a reaffirmation agreement.**

3. ☐ Annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached declaration(s).

4. ☒ Additional provisions requested:
    a. ☒ That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2011    Page 4    F 4001-1.MOTION.RP

    b.    ☒ That the 14-day stay described by FRBP 4001(a)(3) is waived.

    c.    ☐ That Extraordinary Relief be granted as set forth in the Attachment (*attach Optional Court From F 4001-1M.ER*).

    d.    ☐ For other relief requested, see attached continuation page.

5. If relief from stay is not granted, Movant respectfully requests the court to order adequate protection.

Date:    8/25/2011                                           Respectfully submitted,

                                                                          CHRISTOPHER N BRENNAN, Trustee et al
                                                                          Movant name

                                                                          LAW OFFICE OF JULIAN BACH
                                                                          Printed name of law firm (*if applicable*)

                                                                          /s/ JULIAN BACH
                                                                          Signature of individual Movant or attorney for Movant

                                                                          JULIAN BACH
                                                                          Printed name of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2011                                                             Page 5                                                   F 4001-1.MOTION.RP

## REAL PROPERTY DECLARATION

I, __Wayne Faichney_____, declare as follows:

1. I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the real property that is the subject of this Motion (Property) because (*specify*):

    ☐ I am the Movant and owner of the Property.

    ☐ I manage the Property as the authorized agent for the Movant.

    ☒ I am employed by JMJ Financial Group, loan servicer for Movant as (*state title and capacity*): Loan Specialist

    ☐ Other (*specify*):

2. I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor concerning the Property. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

3. The Movant is:

    ☐ Original holder of the beneficial interest in the Property. A true and correct copy of a recorded proof of this interest is attached hereto as Exhibit _____ (*e.g. deed of trust*).

    ☒ Assignee of the original holder of the beneficial interest in the Property. A true and correct copy of recorded proof of this interest is attached hereto as Exhibit __C__. (*E.g., allonge, assignment, et.al.*)

    ☐ Servicing or subservicing agent pursuant to a servicing agreement or other documented authorization to act as Movant for the owner of the beneficial interest. Attached hereto as Exhibit _____ is a true and correct copy of the relevant part of the document which reflects authority to act as Movant for the owner of the beneficial interest.

4. a. The address of the Property that is the subject of this Motion is:

    Street Address:    758 Shalimar Dr
    Unit/suite no.:
    City, state, zip code:    Costa Mesa, CA 92647-4235

    b. The legal description or document recording number (including county of recording) set forth in Movant's deed of trust is attached as Exhibit __B__.

    ☐ See attached page.

5. Type of property (*check all applicable boxes*):

    a. ☐ Debtor's(s') principal residence            b. ☐ Other single family residence
    c. ☒ Multi-unit residential                          d. ☐ Commercial
    e. ☐ Industrial                                           f. ☐ Vacant land
    g. ☐ Other (*specify*):

6. Nature of Debtor's Interest in the Property:

    a. ☒ Sole owner

    b. ☐ Co-owner(s) (specify):

    c. ☐ Lien holder (specify):

    d. ☐ Other (specify):

    e. ☒ Debtor    ☐ did    ☒ did not    list the Property in the schedules filed in this case.

    f. ☐ Debtor acquired the interest in the Property by    ☐ grant deed ☐ quitclaim deed    ☒ trust deed

        The deed was recorded on: ___01/28/2009___.

7. Amount of Movant's claim with respect to the Property:

    |   | PREPETITION | POSTPETITION | TOTAL |
    |---|---|---|---|
    | a. Principal: | $341,191.05 | $ | $341,191.05 |
    | b. Accrued interest: | $ 26,207.92 | $ 6,551.98 | $ 32,759.90 |
    | c. Late charges | $ 6,746.62 | $ 655.20 | $ 7,401.82 |
    | d. Costs (attorney's fees, other costs): | $ 6,075.77 | $ 800.00 | $ 6,875.77 |
    | e. Advances (property taxes, insurance): | $ | $ | $ |
    | f. Less suspense or partial balance paid: | $[     ] | $[     ] | $[     ] |
    | g. TOTAL CLAIM as of: 8/25/2011 | $ | $ | $388,228.54 |

    h. ☐ Loan is all due and payable because it matured on (specify date): _____.

8. Movant holds a    ☒ deed of trust    ☐ judgment lien    ☐ other (specify)_____
   that encumbers the Property.

    a. A true and correct copy of the document as recorded is attached as Exhibit __B__.

    b. A true and correct copy of the promissory note or other document that evidences the Movant's claim is attached as Exhibit __A__.

    c. ☒ A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of trust to Movant is attached as Exhibit __C__.

9. Status of Movant's foreclosure actions relating to the Property (fill the date or check the box confirming no such action has occurred):

    a. Notice of default recorded on the following date: ___3/09/2011___ or none recorded ☐
    b. Foreclosure sale originally scheduled for the following date: ___07/06/11___ or none scheduled ☐
    c. Foreclosure sale currently scheduled for the following date: _____ or none scheduled ☐
    d. Foreclosure sale already held on the following date: _____ or none held ☐
    e. Trustee's deed on sale already recorded on the following date: _____ or none recorded ☐

10. Attached (optional) hereto as Exhibit __D__ is a true and correct copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor since the petition date.

11. ☐ (chapter 7 and 11 cases only):

    Status of Movant's loan:

    a. Amount of current monthly payment: $_____ for the month of _____ 20___.
    b. Number of payments that have come due and were not made:___ Total amount: $_____.

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2011    Page 7    F 4001-1.MOTION.RP

c. Future payments due by time of anticipated hearing date (*if applicable*):

An additional payment of $_____ will come due on _____, and on the _____ day of each month thereafter. If the payment is not received within _____ days of said due date, a late charge of $_____ will be charged to the loan.

d. The fair market value of the entire Property is $_____, established by:
   ☐ Appraiser's declaration with appraisal attached herewith as Exhibit _____.
   ☐ A real estate broker or other expert's declaration regarding value attached as Exhibit _____.
   ☐ A true and correct copy of relevant portion(s) of Debtor's schedules attached as Exhibit _____.
   ☐ (Other (*specify*):

e. **Calculation of equity in Property:**

Based upon ☐ preliminary title report ☐ Debtor's admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

| Name of Holder | Amount as Scheduled by Debtor (*if any*) | Amount known to Declarant and Source |
|---|---|---|
| 1st deed of trust: | | |
| 2nd deed of trust: | | |
| 3rd deed of trust: | | |
| Judgment liens: | | |
| Taxes: | | |
| Other: | | |

**TOTAL DEBT: $**

f. Evidence establishing the existence of the above deed(s) of trust and lien(s) is attached as Exhibit and consists of:

   ☐ Preliminary title report

   ☐ Relevant portions of Debtor's schedules filed in this case.

   ☐ (Other (*specify*):

g. Subtracting the deed(s) of trust and other lien(s) set forth above from the value of the Property as set forth in Paragraph 10 above, the Debtor's equity in the Property is $_____ (§ 362(d)(2)(A)).

h. The value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant is $_____ (§ 362(d)(1)).

i. Estimated costs of sale: $_____ (estimate based upon ___% of estimated gross sales price)

j. The fair market value of the Property is declining based on/due to:

12. ☒ (Chapter 12 and 13 cases only)

    Chapter 12 or 13 case status information:

    a. 341(a) meeting currently scheduled for (*or concluded on*) the following date:
       Confirmation hearing currently scheduled for (or concluded on) the following date: 9/27/2011
       Plan confirmed on the following date (*if applicable*):

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

June 2011                                              Page 8                                         F 4001-1.MOTION.RP

b. Postpetition payments due BUT REMAINING UNPAID since the filing of the case:
*(Number of)* 2        payment(s) due at $ 3,275.99            Each = **$6,551.98**
*(Number of)*          payment(s) due at $                      Each = $
*(Number of)*          payment(s) due at $                      Each = $
*(Number of)*          payment(s) due at $                      Each = $
*(Number of)* 2        late charges at    $ 327.60              Each = **$ 655.20**
*(Number of)*          late charges at    $                     Each = $
*(Number of)*          late charges at    $                     Each = $
*(Number of)*          late charges at    $                     Each = $
*(See attachment for additional breakdown or information attached as Exhibit _____.)*

c. Postpetition advances or other charges due but unpaid: **$**
*(See attachment for details of type and amount attached as Exhibit  E .)*

d. Attorneys' fees and costs                                                **$800.00**
*(See attachment for details of type and amount attached as Exhibit  F .)*

e. Less suspense or partial paid balance                                    [$         ]

    TOTAL POSTPETITION DELINQUENCY:                                         **$8,007.18**

f. Future payments due by time of anticipated hearing date *(if applicable)*:
An additional payment of $ 3,275.99  will come due on  09/15/2011 , and on the  15th  day of each month thereafter. If the payment is not received by the  25th  day of the month, a late charge of $ 327.60  will be charged to the loan.

g. Amount and date of the last 3 postpetition payments received in good funds, regardless of how applied, from the Debtor, if applicable:

$ _____ received on _____.
$ _____ received on _____.
$ _____ received on _____.

h. ☐ The claim is provided for in the chapter 12 or 13 Plan. Plan payment history is attached as Exhibit _____.

i. ☐ See attached declaration(s) of chapter 12 or 13 Trustee regarding receipt of payments under the plan *(attach LBR Form F 4001-1M.13)*.

13. ☐ Movant has not been provided with evidence that the Property is currently insured, as required under the terms of the loan.

14. ☐ The court determined that the Property qualifies as single asset real estate on _____. More than 90 days have passed since the filing of the petition, more than 30 days have passed since the court determined that theProperty qualifies as single asset real estate, the Debtor has/have not filed a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time or the Debtor has/have not commenced monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).

15. ☐ See attached continuation page for facts establishing that the bankruptcy case was filed in bad faith to delay, hinder, and or defraud Movant.

16. ☒ The filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved:

    a. ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval. See attached continuation page for facts establishing the scheme.

b. ☐ Multiple bankruptcy filings affecting the Property. The multiple bankruptcy filings include the following cases:

1. Case name:  
   Case number:  
   Date filed:  
   Relief from stay re this Property     ☐ was    ☐ was not granted  
   Chapter:  
   Date dismissed:     Date discharged:

2. Case name:  
   Case number:  
   Date filed:  
   Relief from stay re this Property     ☐ was    ☐ was not granted  
   Chapter:  
   Date dismissed:     Date discharged:

3. Case name:  
   Case number:  
   Date filed:  
   Relief from stay re this Property     ☐ was    ☐ was not granted  
   Chapter:  
   Date dismissed:     Date discharged:

☐ See attached continuation page for more information about other bankruptcy cases affecting the Property.

☐ See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, and defraud creditors.

17. ☐ Movant seeks annulment of the automatic stay so that the filing of the bankruptcy petition does not affect any and all of the enforcement actions set forth in paragraph 8 above that were taken after the filing of the bankruptcy petition in this case.

   a. ☐ These actions were taken by Movant without knowledge of the bankruptcy filing, and Movant would have been entitled to relief from stay to proceed with these actions.

   b. ☐ Although Movant knew about the bankruptcy filing, Movant had previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting this Property as set forth in paragraph 17(b) above.

   c. ☐ For other facts justifying annulment, see attached continuation page.

   c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration was executed on __August 25, 2011 at Garden Grove, California__

__WAYNE FAICHNEY__  
Printed Declarant's name

Signature of Declarant